UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROL S. B.,[1]

                              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**DECISION AND ORDER**

1:20-cv-690–JJM

        Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final determination of defendant Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [7, 10].[2] The parties have consented to my jurisdiction [12]. Having reviewed their submissions [7, 10, 11], this action is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

        The parties' familiarity with the 620-page administrative record [6] is presumed. On July 1, 2016, plaintiff protectively filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Administrative Record [6], p. 16, 265-75.[3]

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Unless otherwise noted, page references are to CM/ECF pagination (upper right corner of the page).

[3]    Page references to the Administrative Record refer to the page numbers reflected in the Administrative Record itself (bottom right corner of the page).

Plaintiff's claim was initially denied. Id., pp. 16, 203-10. At plaintiff's request, Administrative Law Judge ("ALJ") Mary Mattimore conducted a hearing on December 12, 2018. Id., pp. 16, 133-77. Plaintiff was accompanied by a non-attorney representative. Id., p. 16. ALJ Mattimore thereafter issued a Notice of Decision denying plaintiff's claim. Id., pp. 16-26. Plaintiff requested review of the ALJ's decision by the Appeals Council and submitted several additional medical records, including medical assessments authored by nurse practitioners ("NP") Lydia Lutkoff and Bridget Vaccaro, dated April 28, 2017 and April 24, 2018, respectively. Id., pp.43-44, 51-52, 260-62, 329-330. The Appeals Council issued a Notice of Appeals Council Action, acknowledging the submission of various additional medical records, but finding that such evidence "d[id] not show a reasonable probability that it would change the outcome of the decision" and declining to review the decision. Id., pp. 1-4. The ALJ's decision thereupon became the final decision of the Commissioner. Id., p. 1.

## ANALYSIS

### A. Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The

plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five.  Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

### B. Did the Appeals Council err in summarily rejecting plaintiff's request for review?

Plaintiff argues that the Appeal Council erred in rejecting her appeal insofar as it found that the additional medical records she submitted "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision". Plaintiff's Brief [7-1], p. 9. Specifically, she argues that the opinions she submitted on appeal of NPs Lutkoff and Vaccaro indicate that plaintiff was moderately limited in walking and standing, which is inconsistent with the ALJ's conclusion that plaintiff was capable of performing light work. Id., pp. 11-12.

"The Appeals Council must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ, it is new, material, and relates to the period on or before the ALJ's decision, and there is a reasonable probability that it would change the outcome of the decision." Pennetta v. Commissioner of Social Security, 2019 WL 156263, at *3 (W.D.N.Y); see 20 C.F.R. § 404.970(a)(5), (b). Here, the opinions referenced by plaintiff were rejected by the Appeals Council on the sole basis that such additional evidence "d[id] not show a reasonable probability that it would change the outcome of the decision". [6], p. 2.  I agree with plaintiff that I am, therefore, limited to consideration of those specific grounds. See Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) ("on appeal, we may not 'affirm an administrative action on grounds different from those considered by the agency'").

"When the Appeals Council denies review after considering new evidence, we simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary."

Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996).[4] Here, the ALJ found, in relevant part, that plaintiff had the residual functional capacity ("RFC") to perform "light work" ([6], p. 20), which is defined by the regulations as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and which may "require[] a good deal of walking or standing". 20 C.F.R. §§ 404.1567(b); 416.967(b). The plaintiff could also "occasionally climb ramps, stairs, stoop, kneel, crouch, crawl, and push pull bilaterally" but could "never climb ropes ladders or scaffolds". [6], p. 20.

These findings were based largely on the results of a consultative medical examination by David Brauer, M.D. Id., p. 22. During such exam, plaintiff reported to Dr. Brauer having arthritis in her feet and knees, particularly her left knee, and receiving orthopedic care. Id., pp. 22, 394. Other treatment records indicated that plaintiff had moderate arthritis of the medial compartment of her left knee with 50% medial joint space narrowing. Id., pp. 21, 413. Plaintiff reported to Dr. Brauer being able to perform household activities: cooking daily, cleaning twice per week, laundry three times per week, weekly shopping trips, and undertaking

---

[4] Plaintiff cites to some cases from this District for the proposition that the Appeals Council's "cursory, formulaic" rejection of this additional evidence is, in and of itself, a basis for remand. See [7-1], p. 12; [11], pp. 2-3 (citing Faro v. Commissioner of Social Security, 2020 WL 5361668, at *4 (W.D.N.Y.) ("[t]he Appeals Council's perfunctory statement that [the additional] medical source statement 'does not show a reasonable probability that it would change the outcome of the decision,' without any legal or factual reasoning, leaves the Court with no way to determine whether the Council's ruling was correct. . . . Accordingly, the Court finds that this matter must be remanded for the Commissioner to explain why the additional evidence submitted would not result in a different outcome than that reached by the ALJ")). There is a certain logic to that conclusion given the prohibition against relying on "post hoc rationalizations for the action of the Appeals Council". Id. (citing Newbury v. Astrue, 321 Fed. App'x 16, 18 (2d Cir. 2009) (Summary Order)). However, some tension exists between such a rule and the Second Circuit's holding that "[i]f the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision" and that, therefore, "our review focuses on the ALJ's decision". Lesterhuis, 805 F.3d at 87. I do not find it necessary to resolve any such tension here, as I find remand appropriate under the analysis set forth herein.

daily personal care. Id., pp. 22, 395. A physical exam revealed that plaintiff walked with a slow gait, she was unable to walk on her heels or toes, and she had a reduced lumbar range of motion. Id., pp. 22, 395-396. Conversely, plaintiff appeared to be in no acute distress, was also able to get on and off the examination table and rise from a chair without assistance or difficulty, and had full strength in her upper and lower extremities. Id., pp. 22, 395-396. Dr. Brauer concluded that plaintiff had "mild" limitations in climbing stairs and walking long distances, "moderate" limitations in pushing, pulling, lifting and carrying heavy objects, and "moderate to marked" limitations in activities requiring full bending or squatting. Id., pp. 22, 397.

As can be seen, the ALJ made accommodations in his RFC determination for the physical limitations suggested by Dr. Brauer. However, the ALJ did *not* consider or make any accommodation for a moderate limitation in plaintiff's ability to stand or walk, as was opined by NPs Lutkoff and Vaccaro in their later-submitted medical examination forms. While this is an understandable omission, given that those records were not before the ALJ, such omission means that her RFC assessment was not, as required, "based on all of the relevant medical and other evidence" in the record. 20 C.F.R. §§ 404.1545 (a)(3); 416.945(a)(3). As NPs Lutkoff and Vaccaro were among plaintiff's regular treating sources (if not "medical sources" under the regulations applicable at the time),[5] their opinions were "entitled to be considered and weighed". Ryder v. Colvin, 2015 WL 9077628, *5 (W.D.N.Y.) (citing cases). Critically, those opinions, if credited, would have contradicted or undermined the ALJ's determination that plaintiff was physical capable of performing light work, a subject for which there was no treating opinion considered. For that reason, the ALJ's decision is not supported by substantial evidence. *See*

---

[5]     Prior to March 2017, nurse practitioners were not included as "acceptable medical sources" under the applicable regulation but have would been classified under "other sources". *See* 20 C.F.R. §§ 404.1502; 416.913 (prior to 2017 amendment). I also note, for what it is worth, that NP Vaccaro's opinion appears to have been co-signed by Jon Kucera, M.D, who is presumably an acceptable medical source. [6], p. 52.

Lesterhuis, 805 F.3d at 88 ("the ALJ's decision was not supported by substantial evidence because the new evidence contradicted the ALJ's conclusion in important respects").

I take note of the Commissioner's arguments for disregarding NPs Lutkoff and Vaccaro's opinions on this subject, specifically: that such opinions were expressed by checkbox; that NPs Lutkoff and Vaccaro primarily treated plaintiff for psychological rather than physical issues; that moderate limitations are not necessarily inconsistent with the ability to perform light work; and that the record otherwise supports the RFC as articulated by the ALJ. [10-1], pp. 7-10. On remand, the ALJ may agree, "but that determination should be made by the agency in the first instance". Lesterhuis, 805 F.3d at 88. Accordingly, the case is remanded for reconsideration of the entire administrative record, which includes the new evidence submitted to the Appeals Counsel. See Ryder, 2015 WL 9077628 at *5.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Judgment on the Pleadings [7] is granted to the extent it seeks vacatur and remand, the Commissioner's Motion for Judgment on the Pleadings [10] is denied, and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion.

**SO ORDERED**.

Dated: August 17, 2021

                                                    /s/ Jeremiah J. McCarthy
                                                    JEREMIAH J. McCARTHY
                                                    United States Magistrate Judge